IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: AVANDIA MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | : : : : | MDL No. 1871<br>07-md-01871 |
| THIS DOCUMENT APPLIES TO:<br>*Baldwin v. GSK* | : : : : : | Civ. Action No. 10-5642 |

FILED
MAY 20 2014
MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

## ORDER

**AND NOW**, this 20th day of May 2014, upon consideration of Defendant's Motion to Dismiss [Doc. No. 6], to which no response was filed, it is hereby **ORDERED** that the Motion is **GRANTED**, and Plaintiff's Complaint is **DISMISSED** with prejudice for failure to prosecute.[1]

It is so **ORDERED**.

BY THE COURT:

CYNTHIA M. RUFE, J.

---

[1] The Court issued an Order granting Plaintiff's counsel's unopposed Motion to Withdraw as Counsel on October 10, 2013. Counsel sought to withdraw only after they had entered into a global settlement on behalf of all of their Avandia clients, and then found that it was not possible to prove a compensable injury on Ms. Baldwin's behalf. The Court's order required Plaintiff to file a status update with the Court within 30 days, indicating whether she intended to continue to prosecute her Avandia claims, either *pro se* or with new counsel. The October 10, 2013 Order advised Plaintiff that failure to file a status report could result in dismissal for failure to prosecute.

Plaintiff was then ordered to appear at an Avandia MDL status conference held on December 6, 2013. However, she asked to be excused from attendance, and that request was granted by Order dated December 2, 2013. The December 2, 2013 Order also required Plaintiff to file a status report regarding the status of discovery within 14 days. Plaintiff did not comply.

Defendant filed its Motion to Dismiss for failure to prosecute on April 30, 2014, and Plaintiff has filed no response in opposition to Defendant's Motion.

In dismissing this case for failure to prosecute, the Court has considered the Poulis factors. Poulis v. State Farm Fire and Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984). Plaintiff is personally responsible for the failure to respond to the Court's Orders, and the failure to respond to Defendant's Motion, as Plaintiff is currently unrepresented by counsel. Discovery is stalled in this case. Defendant is clearly prejudiced by Plaintiff's failure to comply with Court order and Motions, as such inaction "frustrates and delays the resolution of this action." Metro Metals USA v. All-State Diversified Products, Inc., 2010 WL 1786593, at *2 (D.N.J. 2013). As evidence of dilatoriness, the Court notes that Plaintiff has now failed to comply with two Orders of the Court and failed to respond to a Motion to Dismiss. As Plaintiff ignored the Court's Orders, despite an express warning that failure to comply could result in dismissal of its claims, and did not provide a reason for ignoring the Court's instructions in response to the Motion to Dismiss, the Court concludes that Plaintiff's failure to comply was not accidental but reflects an intentional disregard for the Court's instructions. As the case cannot proceed without Plaintiff's participation, the Court cannot contemplate an effective alternative sanction. The underlying merits of the case are apparently weak, as her own counsel found it was not possible to prove a compensable injury. Balancing these factors, the Court finds that dismissal without prejudice is an appropriate sanction for Plaintiff's failure to prosecute her claims.